IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAULINO LOPEZ, | |
| JOSUE DAVID SORTO-MARTINEZ, | Case No. _____ |
| JOSUE DANIEL QUEVADO-ESCOBAR, | |
| DALMACIO JUAREZ, | |
| JULIA CHAVEZ, | |
| EDWIN DANIEL ASCENCIO-RODRIGUEZ | |
| and | |
| VICTOR MANUEL ASCENCIO-RODRIGUEZ, | |
| Plaintiffs, | |
| v. | |
| PULTEGROUP, INC. | |
| PULTE HOME COMPANY, LLC | |
| NMR PAINTING & DRYWALL LLC | |
| and | |
| NELSON M. RAMIREZ-QUINTANILLA, | |
| Defendants. | |

# COMPLAINT

1. Plaintiffs bring this lawsuit for violations of federal and state law arising from Defendants' failure to pay Plaintiffs' wages and failure to pay their wages at the required overtime rate for overtime work.

## THE PARTIES

Plaintiffs

2. Plaintiffs PAULINO LOPEZ, JOSUE DAVID SORTO-MARTINEZ, JOSUE DANIEL QUEVADO-ESCOBAR, DALMACIO JUAREZ, JULIA CHAVEZ, EDWIN DANIEL ASCENCIO-RODRIGUEZ and VICTOR MANUEL ASCENCIO-RODRIGUEZ were employees of Plaintiffs.

Defendants

3. Defendant PULTEGROUP, INC. is a publicly traded corporation incorporated in Michigan and with its principal place of business in Atlanta, Georgia. Pulte describes itself in its 10-K annual report as "one of the largest homebuilders in the United States." It is the parent of all Pulte Defendants. According to the 10-K Pulte conducts business in 25 states, including Virginia and Maryland. The company reported "home sale revenues" for the year ending December 31, 2016 as $ 7,451,315,000. Defendant PULTE HOME COMPANY, LLC is a Michigan limited liability company with its principal place of business in Atlanta, Georgia. It is registered to do business in Virginia and Maryland. It is the

intention of this Complaint to include as Defendants' in this Action any and all subsidiaries of PulteGroup, Inc. that employed or might reasonably have been believed to employee any Plaintiff. Defendant PulteGroup, Inc. and its subsidiaries are referred to as "Pulte" or as the "Pulte Defendants." All Pulte Defendants were employers of Plaintiffs within the meaning of the FLSA or, in the alternative, one or more of these entities was an employer of Plaintiff.

4. Defendant NMR PAINTING & DRYWALL LLC ("NMR") is a Virginia limited liability company whose status is listed by the State Corporation Commission as "canceled." The LLC was organized in April 2015 by Defendant Nelson M. Ramirez-Quintanilla, who is also listed as the LLC's registered agent. The LLC's principal place of business if 4108 Javins Dr., Alexandria, VA 22310. NMR was an employer of each Plaintiff. NMR conducted business in at least Maryland and Virginia.

5. Defendant Nelson M. Ramirez-Quintanilla (aka Nelson M. Ramirez Quintanilla) is and was at all relevant times the owner, principal manager and registered agent of Defendant NMR. Ramirez-Quintanilla was an employer of each Plaintiff. Ramirez-Quintanilla conducted businesses in at least Maryland and Virginia.

6. At all relevant times each Defendant employed each Plaintiff.

## THE CONDUCT AT ISSUE

7. Defendants regularly performed work as painters at Pulte new home construction sites during the period from 2016 through approximately late January 2017.

8. During their employment Plaintiffs regularly worked substantially more than forty hours in a workweek. They were not paid at a time and one half rate for this work in excess of forty hours as required by law.

9. Defendants regularly failed to pay Plaintiffs the undisputed wages owed to Plaintiffs even to the extent that such wages were calculated (incorrectly) without inclusion of any overtime premium.

10. Defendants made no payment of wages to Plaintiffs after approximately January 18, 2017.

11. Plaintiffs were hired and formally employed by NMR and Ramirez-Quintanilla, who personally owned, operated and managed NMR.

12. Plaintiffs' actual work was directly and personally supervised by employees or agents of Pulte. Generally, it was Pulte's agents or employees who told Plaintiffs what work to perform and advised them whether completed work had been properly performed.

13. Defendants NMR and Ramirez-Quintanilla were normally not present at Pulte worksites although Plaintiffs' work was done at their sufferance.

14. As a result of their conduct all Defendants were "employers" within the meaning of the Fair Labor Standards Act and State employment law.

15. The obligation to pay overtime is well known in the business community and this obligation was known to Defendants who intentionally (or, in the alternative recklessly) failed to comply with it.

16. The obligations of joint employers under the FLSA and similar legislation is well known to large contractors such as Pulte who intentionally (or, in the alternative, recklessly) failed to comply with it.

## **JURISDICTION AND VENUE**

17. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this case includes a claim that arises under federal law.

18. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S. Code § 1367.

19. A substantial portion of the wrongful acts alleged in this Complaint occurred in the Eastern District of Virginia. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## **JURY DEMAND**

20. Plaintiff demands a trial by jury for all claims which may be so tried.

## CAUSES OF ACTION

21. Plaintiff seeks relief for the cause of action set out below.

## COUNT 1
## VIOLATION OF FLSA (UNPAID OVERTIME)

22. The foregoing paragraphs are incorporated herein.

23. Defendants' conduct, in not paying Plaintiffs at a time and one half rate for hours worked in excess of forty during a workweek, violated 29 U.S.C. § 207, which requires that Plaintiffs be paid at such a rate for such overtime work.

24. Pursuant to 29 U.S.C. § 216 Plaintiffs are entitled to damages of double the amount that should have been paid plus reasonable attorneys' fees and the costs and expenses of litigation.

## COUNT 2
## VIOLATION OF FLSA (UNPAID MINIMUM WAGE)

25. The foregoing paragraphs are incorporated herein.

26. Defendants failed to pay Plaintiffs anything for certain hours worked. This violated the minimum wage provision of the FLSA, 29 U.S. Code § 206, which requires that a specified minimum wage be paid for each hour worked.

27. Pursuant to 29 U.S.C. § 216 Plaintiffs are entitled to damages of double the amount that should have been paid plus reasonable attorneys' fees and the costs and expenses of litigation.

# COUNT 3
# VIOLATION OF MARYLAND OVERTIME LAW (UNPAID OVERTIME)

28. The foregoing paragraphs are incorporated herein.

29. Maryland law applies, at a minimum, to all work performed in Maryland.

30. Defendants' conduct, in not paying Plaintiffs at a time and one half rate for hours worked in excess of forty during a workweek, violated Md. Code Ann., Lab. & Empl. § 3-415, which requires that Plaintiffs be paid at such a rate for such overtime work.

31. Pursuant to Md. Code Ann., Lab. & Empl. § 3-415 Plaintiffs are entitled to damages of double the amount they should have been paid plus reasonable attorneys' fees and the costs and expenses of litigation.

# COUNT 4
# VIOLATION OF MARYLAND MWHL (UNPAID MINIMUM WAGE)

32. The foregoing paragraphs are incorporated herein.

33. Maryland law applies, at a minimum, to all work performed in Maryland.

34. Defendants failed to pay Plaintiffs at the required Maryland Minimum wage, a violation of the minimum wage provision of Md. Code Ann., Lab. & Empl. § 3-413, which requires that a specified minimum wage be paid for each

hour worked. During the Period from July 1, 2016 through June 30, 2017 that minimum wage was $8.75 per hour.

35. Pursuant to Md. Code Ann., Lab. & Empl. § 3-415 Plaintiffs are entitled to damages of double the amount that should have been paid plus reasonable attorneys' fees and the costs and expenses of litigation.

## COUNT 5
## FAILURE TO COMPLY WITH THE MARYLAND WAGE PAYMENT COLLECTION LAW ("MWPCL")

36. The foregoing paragraphs are incorporated herein.

37. Maryland law applies, at a minimum, to all work performed in Maryland.

38. To the extent that Maryland Law applies to Defendants' conduct, Defendants violated the Maryland Wage Payment Collection Law, Md. Code Ann., Labor & Employment Article, § 3-501, *et seq.* ("MWPCL"), which requires that each Plaintiff be timely paid "all wages due for work that the employee performed."

39. Pursuant to Maryland Md. Code Ann., Lab. & Empl. § 3-507.2 Plaintiffs are entitled to an award in an amount not exceeding 3 times the wages owed and reasonable counsel fees and other costs and expenses of litigation.

# COUNT 6
# FAILURE TO COMPLY WITH VIRGINIA PAYMENT OF WAGE LAW

40. Each Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

41. To the extent that Virginia law applies to Defendants' conduct, Defendants violated the Virginia payment of wage law, Va. Code § 40.1-29, which requires that Defendants timely pay each Plaintiff all wages due to him or her.

42. Defendants are liable to each Plaintiff for such relief as is provided for by the Virginia payment of wage law.

# COUNT 7
# BREACH OF CONTRACT

43. Defendants were contractually obligated to pay Plaintiffs their contractually agreed wages. Defendants failed to do so.

44. Defendants are liable to each Plaintiff for damages for breach of contract.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment, jointly and severally against each Defendant, as follows:

a) An award of double the amounts Defendants should have paid Plaintiffs pursuant to state and federal overtime and minimum wage requirements that were not paid.

b) An award of the amounts Defendants owe Plaintiffs as a result of Defendants' breach of contract.

c) An award of triple the amount that should have been paid pursuant to Maryland law, but which was not paid.

d) Pre and post judgment interest.

e) An award to Plaintiffs of reasonable attorneys' fees, expenses of litigation and costs of this action.

f) Such further relief as the Court deems necessary and proper.

Dated: May 26, 2017

Respectfully,

By   /s/Matthew B. Kaplan
Matthew B. Kaplan
VSB No. 51027
The Kaplan Law Firm
509 N. Jefferson St.
Arlington, VA 22205
Telephone: (703) 665-9529
Fax: (888) 958-1366
Email: mbkaplan@thekaplanlawfirm.com
*Counsel for Plaintiffs*